**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BULLOCK LEGAL GROUP, LLC and TINA BULLOCK | § § § § § § § § § § § § | Case No. _____ |
| Plaintiffs, | | |
| v. | | |
| ARCHETYPE CAPITAL PARTNERS, LLC; DOUGLAS MAYER; and ANDREW SCHNEIDER | | |
| Defendant. | | |

## <u>NOTICE OF REMOVAL</u>

Douglas Mayer and Archetype Capital Partners LLC ("Archetype") hereby remove this action to federal court pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1332. In support of the removal, Mayer and Archetype provide the following:

## FACTUAL BACKGROUND

1. On March 20, 2026, Bullock Legal Group, LLC and Tina Bullock (collectively "Plaintiffs") filed a lawsuit (the "Georgia Suit") against Archetype, Mayer, and Andrew Schneider (collectively "Defendants") in the Superior Court of Cobb County, Georgia. A complete copy of all filed documents in this action are attached as Exhibit A.

1

2.      This is the second lawsuit which has been filed concerning an ongoing dispute between the parties in which both sides allege misappropriation of trade secrets by some or all of the other parties.

3.      Archetype previously filed suit against Bullock Legal Group, LLC and Andrew Schneider in the District of Nevada on September 9, 2025 (*Archetype Capital Partners, LLC v. Bullock Legal Group, LLC, et al.*, Case No. 2:25-cv-01686-GMN-BNW (D. Nev. 2025), hereafter the "Nevada Suit").

4.      The substance of the dispute in both the Georgia Suit and the Nevada Suit arises from the use of proprietary methods and systems for identifying potential mass tort class members, litigating mass tort lawsuits, and properly estimating the settlement value of such cases.

5.      Upon information and belief – including many documents already in Mayer and Archetype's possession – Plaintiffs have used trade secrets belonging to Archetype and Mayer to enrich themselves by tens of millions of dollars by acquiring contingent interests in mass tort lawsuits which have and are soon likely to settle. In fact, the court in the Nevada Suit has already entered a preliminary injunction against Schneider and those acting in concert with him, expressly including Plaintiffs, and in favor of Archetype and Mayer, to prevent Plaintiffs from misappropriating revenues earned by exploiting Archetype and Mayer's trade

secrets. *Bullock Legal Group, LLC, et al.*, Case No. 2:25-cv-01686-GMN-BNW (D. Nev. 2025), ECF No. 48.

6.     This case is removable to federal court because there is complete diversity of the parties and the amount in controversy exceeds $75,000.

7.     At the time of this filing Andrew Schneider has not been served with the complaint for the Georgia Suit. He is therefore not a party whose consent is required for removal under 28 U.S.C. §1446(b)(2)(A).

8.     Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

9.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Cobb County, Georgia as required by 28 U.S.C. § 1446.

## PARTIES

10.    Plaintiff Bullock Legal Group is a law firm and limited liability company organized under the laws of the State of Georgia with its principal place of business located at 3662 Cedarcrest Road, Suite 320, Acworth, Georgia. It is therefore a citizen of Georgia.

11.    Plaintiff Tina Bullock is a natural person who is a citizen and resident of Georgia.

12.    Defendant Archetype Capital Partners, LLC is a limited liability company organized under the laws of the State of Nevada with a principal place of business

3

of Houston, Texas. Its single member is Douglas Mayer – a resident and citizen of Texas. Archetype is therefore a citizen of Texas.

13.    Defendant Douglas Mayer is natural person who is a citizen and resident of Texas.

14.    Defendant Andrew Schneider is a natural person who is a citizen and resident of Texas.

## BASIS FOR REMOVAL

15.    This action is removable under 28 U.S.C. §1441 because this Court has original jurisdiction over the underlying action.

16.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332 (diversity jurisdiction).

17.    There is complete diversity between the parties because Plaintiffs are both citizens of Georgia and no Defendant is a citizen of Georgia.

18.    Plaintiffs allege in the Georgia Suit complaint that Defendants attempted to extort $20 million from them.[1]

19.    Plaintiffs plead five causes of action in the Georgia Suit: Violations of the Georgia Trade Secret Act, Computer Theft, Violations of the Georgia Civil RICO

---

[1] Exhibit A at 13.

Act, Tortious Interference with Business Relations, and a demand for a preliminary injunction.

20. Regarding the RICO claim alone, Plaintiffs plead a demand for actual damages, treble damages, and punitive damages.

21. By Plaintiffs' own admissions in the Georgia Suit complaint the Nevada Suit (which arises from the same set transactions and occurrences as the Georgia Suit and which disputes ownership of the same trade secrets) alleges damages of $100 million.[2]

22. Plaintiffs additionally seek a preliminary injunction which if granted would prohibit Defendants from using what Plaintiffs allege is Plaintiffs' "confidential information." Plaintiffs alleged "confidential information" includes materials which rightfully belong to Mayer and Archetype, and a preliminary injunction which prohibits Mayer and Archetype from using this information, which would substantially impair their ability to conduct business and damage them in an amount that far exceeds $75,000.

23. The amount in controversy of this action is therefore far in excess of the $75,000 jurisdictional requirements of 28 U.S.C. §1332.

---

[2] Exhibit A at 12.

24.     The Georgia Suit is therefore removable under 28 U.S.C. §1441 and subject to jurisdiction granted by 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## CONCLUSION

Plaintiffs' complaint is properly removable to this Court because there is complete diversity of the parties to this suit and the amount in controversy exceeds $75,000. Archetype and Mayer therefore request that the underlying action be removed to the Northern District of Georgia.

Date: March 26, 2026                                    Respectfully submitted,


                                                       */s/ Meredith C. Kincaid*
                                                       Meredith C. Kincaid
                                                       Georgia Bar No. 148549

Anna Green Cross
Georgia Bar No. 306674
Alyssa Baskam
Georgia Bar No. 776157
**CROSS KINCAID BASKAM LLC**
315 W. Ponce de Leon Ave.
Suite 715
Decatur, Georgia 30030
anna@crosskincaid.com
meredith@crosskincaid.com
alyssa@crosskincaid.com
404-948-3022

6

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1(C) and 7.1(D) in that it is double-spaced and composed in 14-point Times New Roman font.

Date: March 26, 2026

Respectfully submitted,

*/s/ Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549

Anna Green Cross
Georgia Bar No. 306674
Alyssa Baskam
Georgia Bar No. 776157
**CROSS KINCAID BASKAM LLC**
315 W. Ponce de Leon Ave.
Suite 715
Decatur, Georgia 30030
anna@crosskincaid.com
meredith@crosskincaid.com
alyssa@crosskincaid.com
404-948-3022

7

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed a NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

Date: March 26, 2026

Respectfully submitted,

*/s/ Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549

Anna Green Cross
Georgia Bar No. 306674
Alyssa Baskam
Georgia Bar No. 776157
**CROSS KINCAID BASKAM LLC**
315 W. Ponce de Leon Ave.
Suite 715
Decatur, Georgia 30030
anna@crosskincaid.com
meredith@crosskincaid.com
alyssa@crosskincaid.com
404-948-3022

8