**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BULLOCK LEGAL GROUP, LLC and TINA BULLOCK, *Plaintiffs*, v. ARCHETYPE CAPITAL PARTNERS, LLC; DOUGLAS MAYER; and ANDREW SCHNEIDER, *Defendants*. | Civil Action No. 1:26-cv-01646-TWT |

**JOINT MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF
OUTSTANDING MOTIONS IN PARALLEL PROCEEDING**

Plaintiffs Bullock Legal Group, LLC ("BLG") and Tina Bullock ("Bullock") (collectively, "Plaintiffs"), and Defendants Archetype Capital Partners, LLC ("Archetype") and Douglas Mayer ("Mayer"), jointly move for a temporary stay of this case pending resolution of certain outstanding motions in the parallel case of Archetype Capital Partners, LLC v. Bullock Legal Group et al., Case No. 2:25-cv-01686-GMN-BNW, United States District Court for the District of Nevada (the "Nevada Action"). Defendant Andrew Schneider ("Schneider") has not yet answered or otherwise responded to the Complaint, but his counsel has indicated

that Schneider does not oppose entry of a temporary stay of deadlines as to him, subject to certain reservations of rights identified in the footnote below.[1]

Currently pending in the Nevada Action are (1) Archetype's Motion to Enjoin BLG from Prosecuting Duplicative Lawsuit [referring to this case] and (2) BLG's Motion to Dismiss Amended Complaint. (See Nevada Action, Doc. Nos. 104 and 108) In responding to Archetype's Motion to Enjoin, BLG also counter-moved to transfer the Nevada Action to this Court. (See Nevada Action, Doc. No. 112.) In this action, Archetype and Mayer have moved to dismiss or transfer to Nevada. (Doc. 14.)

In short, BLG and Bullock contend that the proper forum for the parties' claims against each other is in this Court, and they contest personal jurisdiction in Nevada. Archetype and Mayer contend that the claims should be heard in Nevada, and they contest personal jurisdiction in this Court. As some of these threshold issues are currently before the Nevada Court on the above-referenced motions, in order to avoid inconsistent rulings and in the interest of judicial economy, the parties have

---

[1] Specifically, Schneider's counsel indicated that they do not intend to waive, and expressly reserve, all defenses available under Federal Rule of Civil Procedure 12, including without limitation lack of personal jurisdiction, improper venue, failure to state a claim, and enforcement of the mandatory forum-selection clause contained in the Archetype Capital Partners, LLC Operating Agreement. The parties acknowledge that Schneider has not made a general appearance and that he has not waived any defenses regarding personal jurisdiction, venue, or any other defense.

agreed to jointly request that this Court temporarily stay the instant action pending resolution of those motions in Nevada.

## **RELEVANT BACKGROUND**

The Nevada Action was filed by Archetype against BLG and Schneider on September 8, 2025. Archetype moved for a temporary restraining order and preliminary injunction on October 15, 2025. (See Nevada Action, Doc. Nos. 8, 9.) On November 14, 2025, Schneider moved to dismiss the Nevada Action for lack of proper venue, or in the alternative, to transfer venue to the U.S. District Court for the Middle District of Florida. (Nevada Action, Doc. No. 38.)  On November, 20, 2025, BLG also filed a motion to dismiss the Nevada Action for lack of personal jurisdiction. (Nevada Action, Doc. No. 42.) On December 5, 2025, the Nevada Court dismissed BLG for lack of personal jurisdiction in its Order Granting, in Part, Motion for Preliminary Injunction. (See Nevada Action, Doc. No. 48 at 33-34.) The Nevada Court, however, included BLG in the preliminary injunction it entered against Schneider. (Id. at 30, 33.) BLG filed a motion for reconsideration on December 12, 2025, challenging that portion of the Nevada Court's Order. (See Nevada Action, Doc. No. 57.) That motion remains pending.

On March 20, 2026, BLG and Bullock filed the Complaint in this case in the Superior Court of Cobb County, Georgia. (See Doc. 1-1.) On March 26, Archetype filed a Notice of Removal of the Cobb County Complaint to this Court. (Doc. 1.)

On March 24, 2026, with leave of the Nevada Court, Archetype filed a First

Amended Complaint in the Nevada Action, re-adding BLG as a defendant to that lawsuit. (See Nevada Action, Doc. No. 101.) Also in Nevada, Archetype filed its motion to enjoin this action on April 2, 2026. BLG filed its Motion to Dismiss the First Amended Complaint in the Nevada Action on April 7, 2026.

On April 10, 2024, Archetype and Mayer filed their motion in this Court to dismiss or transfer to Nevada. (Doc. 14.)

**ARGUMENT AND CITATION TO AUTHORITY**

A district court has inherent discretionary authority to stay litigation pending the outcome of a related proceeding in another forum. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). Principles of case management may justify a district court stay, pending the resolution of related matters in another court. Edgewater House Condo. Ass'n v. City of Fort Lauderdale, Fla., 825 F. App'x 658, 665 (11th Cir. 2020).

This Court has broad discretion in managing the cases on its docket "so as to achieve the orderly and expeditious disposition of cases," which discretion extends to various aspects of case management, including controlling the time of motions and proceedings. See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)); Landis v. N. Amer. Co., 299 U.S. 248, 254 (1936) (explaining a court's power to stay proceedings is incidental to its inherent power to

4

control the disposition of the cases on its docket and to save the time and effort of the court, counsel, and parties.)

Here, Plaintiffs' response to Archetype's motion to dismiss or transfer (Doc. 14), as well as this Court's determination of the issues raised by that motion, could be affected by the rulings of the Nevada Court on the motions pending there. Currently at issue in Nevada are personal jurisdiction over BLG in that Court, whether the action should be transferred to the Middle District of Florida, and whether the Nevada Court will enjoin this case, or will transfer the Nevada Action to the Northern District of Georgia. A temporary stay of this case will promote judicial economy by potentially narrowing the threshold jurisdictional and forum issues raised by later motion in this case.

## **CONCLUSION**

For the above reasons, the parties jointly request a stay of proceedings in this case until resolution of the motions currently pending in the Nevada Action at Docket Numbers 38, 104, 108, and 112.

Respectfully submitted this 17th day of April, 2026.

5

*/s/ Charles P. Boring*
Charles P. Boring
Georgia Bar No. 065131
Daniel J. Monahan
Georgia Bar No. 231344
Rachel F. Gage
Georgia Bar No. 547982
Andrew D. Mason
Georgia Bar No. 565613
ROBBINS ALLOY BELINFANTE
LITTLEFIELD LLC
500 14th Street, NW
Atlanta, Georgia 30318
T:      (678) 701-9381
cboring@robbinsfirm.com
dmonahan@robbinsfirm.com
rgage@robbinsfirm.com
amason@robbinsfirm.com

*Counsel for Plaintiffs*
*Bullock Legal Group, LLC*
*and Tina Bullock*

*/s/ Anna Green Cross (w/e/p by CPB)*
Anna Green Cross
Georgia Bar No. 306674
Meredith C. Kincaid
Georgia Bar No. 148549
Alyssa Baskam
Georgia Bar No. 776157
315 W. Ponce de Leon Ave., Ste 715
Decatur, Georgia 30030
(404) 948-3022
anna@crosskincaid.com
meredith@crosskincaid.com
alyssa@crosskincaid.com

*/s/ Davis Metzger (w/e/p by CPB)*
Joseph Y. Ahmad (admitted *pro hac vice*)
Texas State Bar No. 941100
joeahmad@azalaw.com
John Zavitsanos (admitted *pro hac vice*)
Texas State Bar No. 22251650
javitsanos@azalaw.com
Weining Bai (admitted *pro hac vice*)
Texas State Bar No. 24101477
wbai@azalaw.com
Cameron A. Byrd (admitted *pro hac vice*)
Texas State Bar No. 24097444
cbyrd@azalaw.com
Justin Kenney (admitted *pro hac vice*)
Texas State Bar No. 24126702
jkenney@azalaw.com
David Metzger (admitted *pro hac vice*)
Texas State Bar No. 24143206
dmetzger@azalaw.com
Nicholas E. Petree (admitted *pro hac vice*)
Texas State Bar No. 24083657
npetree@azalaw.com
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010

*Counsel for Defendants*
*Archetype Capital Partners, LLC and*
*Douglas Mayer*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 14-pt Times New Roman font.

This 17th day of April, 2026.

*/s/ Charles P. Boring*
Charles P. Boring

## CERTIFICATE OF SERVICE

I certify that I electronically filed this **JOINT MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF OUTSTANDING MOTIONS IN PARALLEL PROCEEDING** with the Clerk of Court using the Court's CM/ECF system e-file system, which will send an e-mail notification of such filing to counsel of record.

This 17th day of April, 2026.

*/s/ Charles P. Boring*
Charles P. Boring